IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHERELL HARRINGTON, et al )
                 Plaintiffs, )
                  )
v. )        Case 2:20-cv-497-RJC
                  )
UPMC and ALLEGHENY COUNTY, )
                 Defendants. )

### Answer to the Amended Complaint

Now Come the Defendant, by Assistant Allegheny County Solicitor John A. Bacharach, and files its Answer to Plaintiffs Amended Complaint:

1. This introductory paragraph is a narrative that requires no response to the extent that a response is required, the Defendant incorporates the subsequent paragraphs of this answer.

2. This introductory paragraph is a narrative that requires no response to the extent that a response is required, the Defendant incorporates the subsequent paragraphs of this answer.

3. This introductory paragraph is a narrative that requires no response to the extent that a response is required, the Defendant incorporates the subsequent paragraphs of this answer.

4. This introductory paragraph is a narrative that requires no response to the extent that a response is required, the Defendant incorporates the subsequent paragraphs of this answer.

5. This introductory paragraph is a narrative that requires no response to the extent that a response is required, the Defendant incorporates the subsequent paragraphs of this answer.

6. Admitted.

7. Admitted.

8. Not denied.

9. It is admitted the Allegheny County is a Second Class county and act through its agents. As to other averments, after reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

10. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

11. Admitted.

12. Not denied.

13. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph. It is however admitted that a test for THC was done.

14. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

15. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

16. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

17. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

18. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

19. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

20. This paragraph refers to a document that speaks for itself.

21. This paragraph refers to a document that speaks for itself.

22. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

23. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph. It is admitted that Harrington gave birth to a child and the Defendant his no knowledge that it was unhealthy.

24. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

25. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph. But Allegheny County has no information that the baby had a positive test for any illegal drug.

26. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

27. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

28, After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

29. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

30. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

31. It is admitted that an alleged UPMC employee reported Harrington's positive test to OCYF and that the child was in good health.

32. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

33. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

34. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

35. Admitted.

36. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph. But it is correct that OCYF opens an investigation when it receives a report of a positive illegal drug test of a new mother from a hospital.

37. It is admitted that Harrington's baby was photographed. Harrington was asked to sign forms and authorizations, and she was notified that a home visit would be conducted.

38. Denied.

39. Denied.

40. Denied.

41. Admitted.

42. Admitted.

43. Admitted.

44. Denied. Walker asked Ms. Harrington and her husband questions, which they answered. Walker had no power or authority to compel them to answer.

45. Denied. Neither Walker nor OCYF required Harrington to participate in a drug counselling session with a representative of Pennsylvania Organization for Women in Early Recovery ("POWER") or to submit to another drug test administered by this organization at her home. But she was requested to do so.

46. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

47. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph. However, judicial action may be requested by OCYF if parents do not cooperate with its investigation.

48. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

49. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

50. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

51. The claim regarding the treatment of Harrington's husband was dismissed.

52. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph. It is admitted however that POWER would report its recommendation to OCYF.

53. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph. It is admitted that Harrington signed documents.

54. Admitted.

55. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

56. This paragraph refers to a document that speaks for itself.

57. This paragraph refers to a document that speaks for itself.

58. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

59. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

60. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

61. This paragraph refers to a document that speaks for itself.

62. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph, bu tit is admitted that not treatment was recommended.

63. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph. But it is admitted that contact was made with Harrington's daughter's school.

64. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph. But it is admitted that contact was made with Harrington's children's' pediatrician.

65. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph. But it is admitted that contact was made with Harrington's daughter's dentist.

66. Admitted.

67. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

### Desarae Cook

68. Admitted.

69. Admitted.

70. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

71. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

72. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

73. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

74. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

75. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

76. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

77. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

78. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

79. Admitted.

80. Admitted.

81. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

82. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph. Defenadant admits that Cooks' drug test was negative.

83. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

84. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

85. This paragraph seems to refer to a document that speaks for itself.

86. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

87. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

88. It is admitted that OCYF initiated a child abuse investication.

89. Admitted.

90. Admitted.

91. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph. It is however admitted that a home inspection was scheduled.

92.  It is admitted that Lindsey Hern inspected Cook's home and spoke with her about various matters such as education, medical and parenting and provided Cook with literature.

93. This paragraph refers to a document that speaks for itself.

94. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

95. Admitted.

96.  It is admitted that Hern visited Cook's home on August 24, 2018 and spoke to Cook about medical matters and asked for and received releases of information from her.

97. It is admitted that OCYF obtained information using releases signed by Cook.

98. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

**Rachel Devore**.

99-107.  Rachel Devore is not a party to this lawsuit. Allegations related to her are not relevant or material to this matter. For that reason, no response is necessary. To the extent that a response may be necessary, after reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

**Class Action Allegations**

108.  This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

109.  This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

110.  This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

111.  This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

112.  This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

113.  This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

114.  This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

**Count I**

115.   This paragraph relates to another defendant and requires not response from Allegheny County. To the extent that a response is required it is denied.

116.  This paragraph relates to another defendant and requires not response from Allegheny County. To the extent that a response is required it is denied.

117.  This paragraph relates to another defendant and requires not response from Allegheny County. To the extent that a response is required it is denied.

118. This paragraph relates to another defendant and requires not response from Allegheny County. To the extent that a response is required it is denied.

119.  This paragraph relates to another defendant and requires not response from Allegheny County. To the extent that a response is required it is denied.

120.  This paragraph relates to another defendant and requires not response from Allegheny County. To the extent that a response is required it is denied.

121. This paragraph relates to another defendant and requires not response from Allegheny County. To the extent that a response is required it is denied.

122. This paragraph relates to another defendant and requires not response from Allegheny County. To the extent that a response is required it is denied.

### Count II

123. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

124. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

125. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

126. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

127. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

128. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

129. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

### Count III

130. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

131. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

132. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

133. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

134. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

135. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

136. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

## Count IV

137-140.  This Count was dismissed

## Count V

141-152   This Count was dismissed.

## Count VI

153. Allegheny County did not require Harrington to submit to a urine drug test.

154  This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

155.  This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

156  This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied..

## Count VII

157.  This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

158.  This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

159.  This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

Wherefore, Defendants demand the dismissal of the Amended Complaint, plus attorney's fees and costs

## Affirmative Defenses

160  Defendants incorporate the foregoing paragraphs as though set forth completely herein.

161,  Plaintiffs have failed to establish, and cannot establish, proper subject-matter jurisdiction to sustain this suit.

162.  Plaintiffs have failed to state facts showing, and cannot establish facts showing, that OCYF employees acted under color of state, local or federal statute, ordinance, custom, policy, regulation, usage, law, or authority in a way violating any due process rights, other constitutional rights, or other legal rights had by Plaintiffs.

163.  Plaintiffs have failed to establish, and cannot establish, that Allegheny County implemented or followed any unconstitutional customs or policies, that any high County official knew of, should have known of, or acquiesced in, any unconstitutional conduct, customs, or policies, or that Allegheny County engaged in any constitutional conduct in any way whatsoever.

164. Allegheny County engaged in no actions, customs, directives, inactions, policies, practices, procedures, or protocols that interfered with Plaintiffs' constitutional/legal rights, that violated Plaintiffs' constitutional/legal rights, and/or that violated any duties the County had to Plaintiffs.

165. Allegheny County engaged in no actions, customs, directives, inactions, policies, practices, procedures, or protocols that caused Plaintiffs any harms, injuries, or damages.

166. Allegheny County was not recklessly indifferent to, or deliberately indifferent to, Plaintiffs' needs and/or rights.

167. Neither Walker nor Hern were recklessly indifferent to, or deliberately indifferent to, Plaintiffs' needs and/or rights.

168. At no time did Allegheny County act in any way that could be deemed negligent, reckless, or recklessly, deliberately, or intentionally indifferent to Plaintiffs' constitutional rights and/or other legal rights.

169. At no time did Walker or Hern act in any way that was negligent, reckless, or recklessly, deliberately, or intentionally indifferent to Plaintiffs' constitutional rights and/or other legal rights.

170. Plaintiffs has failed to state a claim, and cannot establish a claim, entitling Plaintiff to judgment against, or entitling Plaintiffs to recover any damages, attorneys' fees, or costs from, any Defendant.

171. Plaintiffs have failed to state a claim, and cannot establish a claim, of any civil rights violation or other violation by Allegheny County.

172. Plaintiffs have otherwise failed to state any claim, and cannot establish any claim, upon which relief can be granted against Defendant under the Fourteenth Amendment to the U.S. Constitution, the Eighth Amendment to the U.S. Constitution, the Fourteenth Amendment to the U.S. Constitution, any other provision of the U.S. Constitution, 42 U.S.C. §§ 1983, 1988, any U.S. civil rights act and/or amendments thereto, any other federal laws or provisions, any provision of the Pennsylvania Constitution, any other Pennsylvania laws or provisions, or any other legal or equitable authority of any type whatsoever.

173. At all times relevant hereto, Allegheny County took appropriate actions and used appropriate customs, directives, policies, practices, procedures, and protocols to protect Plaintiffs' rights and to meet all duties the County had to Plaintiffs.

174. Allegheny County met all of its constitutional and statutory duties vis-à-vis Plaintiffs.

175. The Plaintiffs have procedurally defaulted on their claims in this suit.

176. The Plaintiffs have otherwise waived all claims against the County Defendants.

177. Plaintiffs' suit is barred wholly or in part by the applicable statute of limitations.

178. Plaintiffs' suit is barred by laches.

179. Plaintiffs' suit and requests for damages are otherwise barred by law and/or equity.

180. Plaintiffs suit is barred by the Eleventh Amendment to the Constitution of the United States of America.

181. To the extent not already pled by the Allegheny County, it asserts that Plaintiffs cannot demonstrate any conduct, policy, harm, injury, or damage constituting a constitutional violation and/or establishing a right to relief.

182. Allegheny County is entitled to recover from Plaintiffs all attorneys' fees and costs incurred by the County in defending this suit.

183. The Plaintiffs failed to mitigate their damages.

184. The actions of the Defendants were not the cause in fact or the proximate cause of the Plaintiffs' alleged injuries or damages.

185. The Plaintiffs' conduct was the sole or the superseding cause of their alleged injuries.

186. The Defendant's conduct was not the legal cause of Plaintiffs' alleged injury.

187. The Defendants reserve the right to raise all other defenses available under any and all applicable laws by amending this answer and affirmative defenses and/or by raising such other defenses at the summary judgment stage of this case and/or by raising such other defenses at the trial of this case.

   WHEREFORE, the Defendants demand judgment in its favor against Plaintiffs. Allegheny County also demands all attorneys' fees and all costs incurred by it in defending this suit.

Respectfully submitted,

/s/John A. Bacharach
Allegheny County Assistant Solicitor
PA ID 19665
Allegheny County Law Department
30 Fort Pitt Commons Building
445 Fort Pitt Boulevard
Pittsburgh, PA  15219
(412) 350-1150

A JURY TRIAL IS DEMANDED TO THE EXTENT AUTHORIZED BY LAW OR RULE