IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHERELL HARRINGTON and DESERAE COOK, *individually and on behalf of all persons similarly situated*, <br><br>　　　　　　　　　Plaintiffs, <br><br>　　v. <br><br>UPMC and ALLEGHENY COUNTY, <br><br>　　　　　　　　　Defendants. | ) ) ) ) ) ) ) ) ) ) Civil Action No. 20-497 ) ) ) ) ) |

**MEMORANDUM AND ORDER OF COURT**

Presently before the Court is Plaintiffs' Motion for Leave to File Second Amended Class Action Complaint to Include Gloria Lewis as a Named Plaintiff and Proposed Class Representative (Docket No. 84), Defendant UPMC's Response in Opposition (Docket No. 85), and Plaintiffs' Reply (Docket No. 86). For the reasons set forth below, Plaintiffs' Motion will be GRANTED.

**I.　BACKGROUND**

On May 14, 2020, Plaintiffs Cherell Harrington and Deserae Cook filed their Amended Class Action Complaint,[1] on behalf of themselves and two putative classes, alleging various claims against Defendants University of Pittsburgh Medical Center ("UPMC") and Allegheny County via its Office of Children, Youth and Families ("AC-CYF"). (Docket No. 17). Plaintiffs' claims arise out of UPMC's purported disclosure of Plaintiffs' confidential medical information to AC-CYF for the purpose of targeting Plaintiffs with highly intrusive, humiliating, and coercive child abuse

---

[1]　Plaintiffs filed their initial Complaint in the Court of Common Pleas of Allegheny County, and UPMC removed it to this Court on April 8, 2020. (Docket No. 1).

1

investigations, starting before taking their newborn babies home from UPMC's hospitals shortly after childbirth. (*Id.*). The Amended Complaint alleges several claims against UPMC and AC-CYF, pursuant to 42 U.S.C. § 1983, for violations of Plaintiffs' rights under the 1st, 4th, and 14th Amendments to the United States Constitution, a claim against AC-CYF for violations of Plaintiffs' rights under the Pennsylvania Constitution, and Pennsylvania common law claims against UPMC for breaches of physician-patient confidentiality. (*Id.*).

Plaintiffs seek to represent two classes. The first class, called the "UPMC Class," consists of the following:

> All women who on or after March 11, 2018, were subjected to [a] urine drug test while admitted to a UPMC facility for the purpose of giving birth, whose newborns tested negative for controlled substances and whose urine drug test results or other medical information related to substance use was disclosed to [AC-CYF].

(Docket No. 17, ¶¶ 108, 109(a)). The second class, called the "AC-CYF Class," consists of the following:

> All new mothers who, on or after March 11, 2018, were subjected to investigation by [AC-CYF] based solely on reports of past marijuana use or a urine drug test that tested positive for marijuana.

(*Id.* ¶ 109(b)).

Defendants each filed a Motion to Dismiss the Amended Complaint. (Docket Nos. 18, 20). The motions were granted in part and denied in part. (Docket Nos. 47, 48). The Court subsequently issued a Case Management Order establishing deadlines of June 20, 2022, for amendment of pleadings and parties, and September 15, 2022, for completion of fact discovery. (Docket No. 50). Discovery has proceeded, subject to several extensions requested by the parties, and is currently set to be completed by December 30, 2024. (Docket Nos. 62, 67, 69, 74, 83, 88).

On September 12, 2024, Plaintiffs filed the instant Motion for Leave to File Second Amended Class Action Complaint to Include Gloria Lewis as a Named Plaintiff and Proposed Class Representative. (Docket No. 84). The proposed Second Amended Class Action Complaint is attached thereto. (Docket No. 84-2). Plaintiffs aver that Ms. Lewis meets the definition of both proposed classes in that she was subjected to a urine test while admitted to a UPMC facility for the purpose of giving birth, her newborn tested negative for controlled substances, her urine drug test results were disclosed to AC-CYF, and AC-CYF investigated her based solely on UPMC's report that her urine drug test was positive for marijuana. (*Id.* ¶¶ 101-33).

In their Motion, Plaintiffs seek to add Ms. Lewis because she gave birth at UPMC Magee on July 14, 2022, which occurred: (1) after March, 2019, when the Pennsylvania Department of Health ("DOH") issued written guidance in furtherance of an amendment to the Pennsylvania Child Protective Services Law ("CPSL");[2] and (2) after UPMC entered into a Memorandum of Understanding ("MOU") with Allegheny County for UPMC to turn over its maternity patients' confidential medical information without the patients' consent (nearly a year after Plaintiffs filed their initial complaint in this case). In contrast, Plaintiffs Harrington and Cook gave birth to their children at UPMC facilities prior to these changes to the CPSL and DOH's related guidance, and prior to UPMC's MOU with Allegheny County. Finally, Plaintiffs note that they did not believe they needed an additional class representative until UPMC belatedly produced the MOU in March, 2024, and related documents in July and August, 2024. UPMC opposes Plaintiffs' Motion, contending that adding Ms. Lewis is unnecessary and would prejudicially delay these proceedings.

---

[2] Plaintiffs point out that, particularly relevant to this case, the Pennsylvania General Assembly amended 23 Pa. C.S.A. § 6386 in October, 2018, and the DOH issued written guidance defining the statutory phrase "affected by" in March, 2019. (Docket No. 84, ¶¶ 9, 12).

The Court will grant the Motion and permit Plaintiffs to file their proposed Second Amended Class Action Complaint.

## II. DISCUSSION

Federal Rule of Civil Procedure 15 permits a party to "amend its pleading once as a matter of course" within 21 days after serving it or within 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f), whichever is earlier. *See* Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent" or with leave of court. Fed. R. Civ. P. 15(a)(2). When the Court imposes a deadline for amending pleadings, such deadline "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). A decision on such a motion is committed to the sound discretion of the district court. *See United States ex rel. Thomas v. Siemens AG*, 593 F. App'x 139, 144 (3d Cir. 2014) (citation omitted).

Additionally, "Federal Rule of Civil Procedure 15(a)(2) provides a liberal standard for motions to amend: 'The court should freely give leave when justice so requires.'" *Spartan Concrete Prods., LLC v. Argos USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019). Notwithstanding this liberal standard, "[d]enial of leave to amend can be based on undue delay, bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; prejudice to the opposing party; and futility." *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *United States ex rel. Schumann v. AstraZeneca Pharms. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014)); *see also Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2004) (same).

Here, Plaintiffs contend that they have good cause to file their proposed Second Amended Class Action Complaint to add Ms. Lewis as a named plaintiff and class representative. The Court

agrees. Plaintiffs would be prejudiced if not permitted to add a representative of putative class members who gave birth at UPMC facilities after Allegheny County and UPMC became aware of the DOH's guidance, and after they collaborated on the MOU pertaining to testing, reporting, and investigating new mothers with positive urine drug tests. Plaintiffs assert that Ms. Lewis would represent, in essence, a subclass of plaintiffs who gave birth at UPMC facilities after UPMC learned of the amendments to the CPSL and the issuance of DOH guidance, and after UPMC adopted its MOU with co-Defendant Allegheny County. Plaintiffs seek to amend now because they did not become fully aware of the need for an additional class representative until recently – as they received Defendants' MOU in a March, 2024, discovery production, and related documents from Defendants' discovery productions in July and August, 2024 – and their request is not made in bad faith or for some other dilatory motive. Defendants are not prejudiced by the proposed amendment because fact discovery has not yet been completed, relevant witnesses are being offered for depositions within the discovery period, Plaintiffs do not seek to take depositions of any additional witnesses or seek any additional discovery based solely on the addition of Ms. Lewis as a named plaintiff, and Plaintiffs have not yet filed their motion for class certification. Nor do Defendants contend that the proposed amendment would be futile.

The record before the Court simply does not support a finding that Plaintiffs' Motion is based upon undue delay, bad faith, or dilatory motive, nor have Defendants demonstrated any resulting prejudice if such amendment were allowed, particularly when discovery is ongoing and a deadline for filing a motion for class certification has not yet been established.

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave to File Second Amended Class Action Complaint to Include Gloria Lewis as a Named Plaintiff and Proposed Class Representative is granted.

An appropriate Order follows.

### ORDER

AND NOW, this 28th day of October, 2024, for the reasons set forth in the Court's Memorandum, *supra*, IT IS HEREBY ORDERED that:

1. Plaintiffs' Motion for Leave to File Second Amended Class Action Complaint to Include Gloria Lewis as a Named Plaintiff and Proposed Class Representative (Docket No. 84) is GRANTED.  Plaintiffs shall file their Second Amended Class Action Complaint, materially identical to the document proffered at Docket No. 84-2, by **November 8, 2024**.

2. Defendants shall file responsive pleadings to the Second Amended Class Action Complaint by **December 5, 2024**.

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  All Counsel of Record